## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINA SHEIKH and SUELI | : | |
| LUPINACCI, | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | Civil No.  3:05cv495 (PCD) |
| | : | |
| JOSEPH A. MORALES, ROBERT J. | : | |
| PASCONE, BRIAN PISANELLI, | : | |
| OFFICER FRECHETTE and OFFICER | : | |
| PIZIGHELLI, | : | |
| Defendants. | : | |

## RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES TECUM

Defendants move for this Court to quash the Subpoena and Notice of Deposition Plaintiffs submitted to the Custodian of Records for the Bridgeport Police Department and to enter a protective order to protect police officers' disclosure of photographs [Doc. Nos. 29, 30]. Defendants also request that Plaintiffs restrict their requests, contending that the requests in Numbers 2, 3, 4 and 5 of the Subpoena bear no relevant to the present action.  For the reasons stated herein, Defendant's motion is **granted in part**.

## I.  BACKGROUND

Familiarity with the facts of this case is presumed.  Accordingly, only the facts relevant to the Court's resolution of the present motion are recited.  Plaintiffs' complaint names five individual police officers as defendants, alleging that each defendant violated their First and Fourth Amendment rights.  Accordingly, Defendants propounded interrogatories and requests for production requesting that Plaintiffs provide a specific description of each Defendant's conduct that they allege to be a violation of their rights.  Plaintiffs submitted the same response to the

interrogatory for each Defendant, alleging that "[w]hile [they] were peacefully assembled, the Officers ordered [them] to leave and sprayed [them] with a chemical substance, causing physical and emotional injuries." Subsequently, Defendants scheduled depositions of Plaintiffs, in part to determine how Plaintiffs decided to name them as defendants in this action.[1] Defendants contend that during the course of Plaintiffs' depositions on August 2, 2005, Christina Sheik was unable to provide any specific description of an officer other than the fact that he was "white." Moreover, Mrs. Sheik admitted that she could not physically identify the officer who sprayed mace, but named Officer Pizighelli because he was the officer named in the report of the arrest of her stepfather. Defendants contend that during the course of both depositions, Plaintiffs' counsel would request recesses at times when Plaintiffs seemed uncertain of a response and then, after the recess, Plaintiffs would respond with certainty.

According to Defendants, Sueli Lupinacci was also uncertain as to the physical description of the police officers, stating only that if she saw him, she might be able to identify him. Moreover, Defendants allege that Mrs. Lupinacci would not provide a physical description and could not provide any specific information connecting the named officers to her complaint. The deposition of Mrs. Lupinacci was continued on August 9, 2005 and Defendants allege that the second deposition ended "abruptly" when Defendants' counsel requested that Plaintiff review photographs in order to ascertain whether the correct officers had been named as defendants. Defendants allege that Mrs. Lupinacci resisted viewing the photographs, finally complaining that she was too tired. Plaintiffs add that toward the end of Mrs. Lupinacci's deposition, Defendants'

---

[1] The named Defendants are the reporting officer (Pisanelli) and the officers who submitted supplemental reports following the incident (Morales, Pizighelli, Frechette and Pascone).

2

counsel produced a one-inch thick package of more than one hundred photographs of each Caucasian police officer in the Bridgeport Police Department and asked Mrs. Lupinacci to identify any officer whom she believed to have violated her civil rights.  Plaintiff alleges that Mrs. Lupinacci is in her sixties and had previously indicated that she was tired and was taking anxiety medication, and thus it was agreed that the deposition would be rescheduled for September 13.

Defendants' counsel requested on August 16, 2005 for the deposition to be rescheduled for August 29, 30 or 31.  They allege that Plaintiffs' counsel failed to respond, and so they scheduled the deposition on August 31, 2005.  Plaintiffs' counsel objected and the deposition was rescheduled for September 13, 2005.

Following the scheduling of the deposition, Defendants' counsel received a notice of deposition for the Custodian of Records for the Bridgeport Police Department requesting specific information relating to officers' photographs.  Mem. Supp. Mot. Prot. Order & Subpoena, Exhibit A.

## II.  DISCUSSION

Defendants request that the Court quash the notice in its present form and, in the alternative, permit Plaintiff Lupinacci to view photographs of all white and Hispanic officers at her continued deposition in order for her to identify the individuals alleged to have sprayed her and to have used inappropriate language.  Defendants contend that the requests in Numbers 2, 3, 4 and 5 of Plaintiffs' Subpoena have no relevance to the prior action and thus seek an Order

permitting Defendants not to comply with them.[2]  Defendants also request that the photographs, consisting of twenty-nine pages, each containing eight photographs, be sealed by the Court in order to protect the police officers from any improper disclosure.

In response, Plaintiffs claim that after Defendants responded to Plaintiffs' interrogatories, it became clear that there were more officers at the scene than previously thought, which were not listed in the police reports provided by the Bridgeport Police Department.  Plaintiffs contend that they are simply asking for the photographs of a "narrowly defined small group of officers in the Bridgeport Police Department, to insure that they have filed complaints against the proper defendants." Pl.'s Opp. at 2.  They maintain that the requests are relevant to the action, given that the photographs in question are of those officers described by "unit" in the police reports of the incident.[3]  Plaintiffs also submit that they are requesting the photograph of Officer Elidio Pereira because a witness noticed him at the location in question several hours before the incident at issue here took place.

Plaintiffs contend that Plaintiffs' counsel did not receive an affidavit with the Motion and Memorandum of Law sent by Defendants' counsel on September 8, 2005.  Counsel for both parties allegedly came to an agreement on September 9, 2005, whereby Defendants' counsel allegedly agreed to produce the requested photographs if Plaintiffs' counsel would agree to keep

---

[2] The Subpoena directs the Bridgeport Police Department's Custodian of Records to bring with him/her to the deposition: "1. The Department's official photograph, identified by name, of each defendant in this case.  2. The Department's official photograph, identified by name, of Elidio Pereira.  3. All officers of Unit Hollow I (as of 7/25/04) identified by name and unit.  4. All officers of Unit A23 (as of 7/25/04) identified by name and unit.  5. All officers of Unit P10 (as of 7/25/04) identified by name and unit." Mem. Supp. Mot., Exhibit A at 2.

[3] Officer Morales' Police Report states, in relevant part: "On 07/25/04 at approx. 2100 hrs. I along with other units Hollow I off. Pisanelli, A23 officers Pizighelli & Frechette and off. Pascone unit P10 were standing by. . ."

them sealed.  Plaintiff's counsel so agreed, although she says in the instant motion that she intends to show them to witnesses in order to confirm that Plaintiffs have named the correct defendants.  Plaintiffs' counsel then sent a letter to Defendants' counsel confirming their agreement and stated that Mrs. Lupinacci would be available to continue her deposition and view Defendants' photographs on September 22 or 23.  Defendants' counsel, in response, advised Plaintiffs' counsel that she would retain the photographs in a sealed envelope at her office until the deposition, which Plaintiffs' counsel contends was not in conformity with the agreement previously reached and not a "good faith effort to produce material which Plaintiffs have a right to request during discovery."  Pl.'s Opp. at 3.  Accordingly, Plaintiffs' counsel again requested the production of the photographs.  The continued deposition of Mrs. Lupinacci has not been rescheduled.  Plaintiff requests that the Court deny Defendants' motion and ensure that the photographs are produced in a timely manner.

**III.  CONCLUSION**

Based on a review of the parties' allegations and the deposition testimony, Defendant's Motion for Protective Order and to Quash Subpoena Duces Tecum [Doc. Nos. 29, 30] is **granted in part**.  The parties are hereby ordered to schedule Mrs. Lupinacci's continued deposition on or before November 14, 2005.  At the deposition, Mrs. Lupinacci will view Defendants' twenty-nine pages of photographs, including photographs of Defendants,[4] and identify individuals she alleges violated her rights.  Defense counsel shall seal all photographs following the deposition.  Any photograph identified by Mrs. Lupinacci as of a person who allegedly violated her rights will be marked as an individual exhibit and retained by defense counsel.  As the photographs

_____

[4] The photographs shall have the name of the officer pictured printed on the reverse side.

requested by Plaintiffs will be included in the Defendants' twenty-nine pages of photographs, it

is not necessary at this time for Defendants to produce the photographs requested by Plaintiffs in

their Subpoena, but the photographs are subject to further discovery as may be specifically

justified.

   SO ORDERED.

       Dated at New Haven, Connecticut, October &#95;31&#95;, 2005.


            /s/
             Peter C. Dorsey
           United States District Judge

6